FILED

2026 Jul-15  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FAITH V. BRIDGES**

      **Plaintiff,**

**v.**

**DANIEL DRISCOLL,**
*Secretary of the Department of
the Army,*

      **Defendant.**

**Case No. 5:25-cv-961-HDM**

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination case. Plaintiff Faith Bridges formerly worked for the United States Army Aviation and Missile Command ("AMCOM") and now sues Daniel Driscoll, Secretary of the Department of the Army, for alleged violations of Title VII of the Civil Rights Acts of 1964, as amended, and the Federal Torts Claims Act. (Doc. 1). The Army moves to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. 7). Upon consideration, the court concludes that the motion is due to be granted.

### BACKGROUND

The salient allegations of the complaint, taken as true, are as follows: Plaintiff is an African American female. At all times relevant to her Complaint, she was employed by AMCOM. (Doc. 1). Bridges asserts that, between October 2018 and

January 2024, Demetrius McKinney, her male supervisor and a NH-04 Division Chief in her chain of command, sexually harassed her. *Id.*, ¶¶ 14–16, 31.

Bridges alleges that McKinney touched her inappropriately and non-consensually, offered her various workplace-related benefits in exchange for sexual favors, made sexually suggestive statements to her, made inappropriate comments about her to other AMCOM employees, and made sexually explicit comments to her about the appearance of her body. *Id.*, ¶¶ 15, 19, 22.

This inappropriate behavior persisted through January 2024. *Id.*, ¶ 31. Bridges alleges that, on many occasions during this time, she filed grievances with her supervisors about McKinney's behavior, but no remedial action was taken. *Id.*, ¶¶ 23, 25, 30. Bridges eventually felt that the only way to escape the continual sexual harassment and hostile work environment was to resign from her position. *Id.*, ¶ 31. She resigned on January 27, 2024. *Id.*, ¶ 31; (Doc. 1-5 at 1). After her resignation, McKinney called Bridges at least twice on her cellphone in January and April 2024 to offer job-related benefits in exchange for sexual favors. (Doc. 1, ¶¶ 32–33).

On May 10, 2024,[1] (more than 100 days after her resignation), Bridges made contact with an EEO official to initiate the pre-complaint process for the alleged

---

[1] In the Army EEO official's communications with Bridges, the Army notes the date of initial contact as May 14, 2024, not May 10. (*See* Docs. 1-2 at 1, 1-3 at 1). Regardless of whether the initial contact was made on May 10 or May 14, 2024, Bridges made initial contact more than forty-five days from her resignation on January 27, 2024.

discrimination by McKinney. *Id.*, ¶ 34. On August 20, 2024, after completing the pre-complaint process, Bridges submitted a formal complaint of discrimination to the EEO office, asserting claims of discrimination and sexual harassment. (Doc. 1-1). However, the EEO dismissed her complaint because of her failure to initiate contact with an EEO counselor within forty-five days of the alleged discriminatory conduct, as required under 29 C.F.R. § 1614.105. (Doc. 1-3 at 1).

Bridges timely appealed the dismissal to the EEOC. (Doc. 1, ¶ 37). On appeal, the EEOC affirmed that Bridges "presented no persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor contact." (Doc. 1-5 at 4). On June 25, 2025, Bridges filed this lawsuit. (Doc. 1). On September 2, 2025, the Army filed the motion to dismiss presently before the court. (Doc. 7). The motion is fully briefed. (Docs. 7, 11, 15).

## STANDARD OF REVIEW

The federal pleading standard requires that a plaintiff's complaint include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent

3

dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a plaintiff must merely produce enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of his or her claim. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

### I.   Section 1981 (Count IV)

At the outset, the court dismisses Bridges's Section 1981 claim (Count IV). A federal employee's exclusive judicial remedy for alleged employment discrimination lies within Title VII. *Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) (affirming district court's dismissal of federal employee's Section 1981

claim). *See Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 829 (1976); *Newbold v. U. S. Postal Serv.,* 614 F.2d 46, 47 (5th Cir. 1980), *cert. denied,* 449 U.S. 878 (1980) (Title VII provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination").[2] For this reason, dismissal of Count IV is proper. The court turns to Bridges's Title VII claims.

## II.    Title VII (Counts I, III, V)

Bridges asserts a variety of claims under Title VII, including gender and race discrimination (Count I), retaliation, (Count III), and hostile work environment (Count V). Title VII mandates that all personnel actions in executive agencies be made "free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Title VII also prohibits employers from "retaliating against their employees for opposing or seeking relief from such discrimination." *Green v. Brennan*, 578 U.S. 547, 549 (2016).

Exhausting administrative remedies is an absolute and unwaivable prerequisite to a federal employee's filing of an employment action under Title VII. *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) (per curiam). Before suing her employer for discrimination in federal court, a federal employee must seek relief from the agency where the alleged discrimination

---

[2] Any Fifth Circuit case issued before the close of business on September 30, 1981, constitutes binding authority for this court. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

occurred. 42 U.S.C. § 2000e-16(b)–(c); 29 C.F.R. § 1614.105(a)(1). This requirement allows the agency to investigate the claim internally and "try to informally resolve the matter." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012) (quoting 29 C.F.R. § 1614.105(a)).

A federal employee must "initiate contact" with an EEO counselor at his agency "within [forty-five] days of the date of the matter alleged to be discriminatory," or if the claim involves a "personnel action," within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). "An employee who fails to do so suffers the dismissal of his complaint." *Robinson v. Jojanns*, 147 F. App'x 922, 924 (11th Cir. 2005) (per curiam) (citing 29 C.F.R. § 1614.107(a)(2)) (affirming district court's dismissal of employee's complaint when the plaintiff failed to contact an EEO counselor regarding the alleged discrimination within the forty-five-day time limit). *See also Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 988–89 (11th Cir. 2025).

The forty-five-day deadline is subject to waiver, estoppel and equitable tolling. *See* 29 C.F.R. § 1614.604(c); *see also Hogan v. Sec'y, U.S. Dep't of Veterans Affs.*, 121 F.4th 172, 177 (11th Cir. 2024). The agency "shall" extend the forty-five-day deadline if the employee shows "that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits[.]" 29 C.F.R. § 1614.105(a)(2). Further, equitable tolling

6

> [A]pplies when the defendant misleads plaintiff into allowing the statutory period to lapse, when plaintiff has no reasonable way of discovering the wrong perpetrated against him, or when plaintiff files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitations were intended to insure.

*Robinson*, 147 F. App'x at 924 (quoting *Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir.1993)).

Bridges pleaded that she initiated contact with an Army EEO counselor on May 10, 2024—over 100 days from the last act of discrimination by her employer, the alleged constructive discharge in January.[3] This is well outside the forty-five-day time limit prescribed by 29 C.F.R. § 1614.105(a)(1).

Bridges argues that this time limit should be extended because "[i]t was not until [Bridges] left AMCOM and began to have a clearer mental picture of all the years of abuse and the toll it had taken on her career, personal life and health before she realized the necessary steps were to proceed with an EEO complaint." (Doc. 1, ¶ 35). Bridges further pleaded that the continuous sexual harassment by McKinney and the hostile work environment greatly impacted her physical, mental, and

---

[3] Bridges also raises in her complaint a phone call between herself and McKinney in April 2024—after her employment ended—where McKinney asked Bridges "to come back to work under his supervision again, hoping for sexual favors." (Doc. 1, ¶ 33). Assuming that Bridges alleges this to be conduct supporting her claims for discrimination and harassment, the court does not consider this conduct because, based on the allegations in the complaint, the alleged conduct was not raised with the EEO office in May 2024 nor was her EEO complaint amended to include this allegation. Newly alleged acts of discrimination not timely raised with the EEO office are inappropriate for judicial review. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). *See also Jimenez*, 146 F.4th at 988–95.

emotional well-being, leaving her in a fragile state. *Id.*, ¶ 36. However, Bridges had the awareness and ability to resign from her position in January 2024 and to initiate contact with the EEO Counselor in May 2024. Bridges offers no explanation as to how or why she was able to contact an EEO Counselor 104 days—but not forty-five days—after her resignation. The court does not find that any extraordinary circumstances prevented Bridges from complying with the requirements of the forty-five-day deadline. Bridges failed to administratively exhaust her Title VII claims, and they are due to be dismissed.

### III.    Negligence Claim (Count II)

Lastly, Bridges asserts a claim for "negligent/wanton hiring, training, supervision, and/or retention" (Count II). (Doc. 1 at 12). Although Bridges does not indicate a basis for this claim, she presumably brings suit under the Federal Tort Claims Act ("FTCA"), as she asserts a claim against the federal government for money damages arising out of negligence, which sounds in tort. (Doc. 1 at 12, ¶¶ 46–49); *see Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (per curiam) ("Here, the FTCA was the exclusive remedy for [the plaintiff's] state-law tort claims . . . While [the plaintiff's] complaints did not clearly identify the legal basis for his claims, the district court properly concluded that [the] claims, primarily alleging medical malpractice and negligence, sounded in tort.").

Bridges's complaint does not allege that she filed the requisite administrative tort claim preceding the instant litigation. (*See generally* Doc. 1). The FTCA requires a plaintiff exhaust administrative remedies as a precondition to filing suit: "[b]efore filing an FTCA lawsuit, an individual must 'have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.'" *Smith v. United States*, 7 F.4th 963, 973 (11th Cir. 2021) (quoting 28 U.S.C. §2675(a)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). A failure to exhaust administrative remedies renders a court without subject matter jurisdiction over an FTCA claim. *See, e.g.*, *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Because the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies, the district court lacks subject matter jurisdiction over prematurely filed suits." (internal quotations omitted)); *Caldwell*, 646 F. App'x at 844 (dismissing VA malpractice complaint for lack of jurisdiction because administrative remedies were not exhausted). Because Bridges does not allege that she exhausted her tort claim at the administrative level, such claim is due to be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Bridges's claims are **DISMISSED WITHOUT PREJUDICE**. The court will allow Bridges **thirty (30) days** to amend her

9

complaint to assert facts that would cure the deficiencies raised herein. If Bridges

does not file an amended complaint, the Clerk of Court will close this case without

further notice.

**DONE** and **ORDERED** on July 15, 2026.

_____

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE